Before STATE INDUSTRIAL BOARD, Respondent.

LEO STIMELL,. Respondent, *v.* THE REMINGTON TYPEWRITER
COMPANY and Another, Appellants.

Third Department, September 26, 1924.

**Workmen's compensation — injury arising out of and in course of employ-
ment — roof of building in which claimant was employed was used for
recreation — claimant fell from ladder on side of water tank on roof —
claimant while standing on ladder for purpose of having his picture
taken was outside employment.**

The claimant who was injured when he fell from a ladder on the side of a water
tank on the roof of the building in which he was employed, did not receive an
injury arising out of and in the course of his employment, since it appears that
while the roof was used by the employees for recreation, the claimant was, at
the time of the accident, standing on the ladder, not for any purpose of recrea-
tion, but to pose for a picture of himself which was being taken at his request.

APPEAL by the defendants, The Remington Typewriter Company
and another, from an award of the State Industrial Board, made
on the 29th day of February, 1924, and also from a further award
made on the 5th day of March, 1924.

*Robert H. Woody* [*E. F. Warrington* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-
General,* of counsel], for the respondents.

VAN KIRK, J.:

The claimant was a clerk in the mail department of his employer's
business, which was the selling of typewriters. On the roof of the
building there was a space which the employer furnished to its
employees for recreation. During the lunch hour this claimant
went upon this roof, where there was a ladder extending up the
side of a water tank, for use by the employer to repair or inspect
the tank. Either one of the rungs broke, or he slipped, and fell
a distance of some twenty-eight feet, suffering the injuries of which
he complained. He went upon the ladder, not for any purpose
of recreation, but to pose for a picture of himself, the picture to
be taken at his request. The one question presented is whether
or not the claimant suffered accidental injuries arising out of and
in the course of his employment. I think that the claimant
stepped outside his employment while doing a voluntary act,
which proximately led to the accident and which act had no
relation to his master's interests. (*Frost* v. *Franklin Mfg. Co.,*
204 App. Div. 700.) We do not think it can be said that " between
the work for which the employee was engaged and the disputed

act which led to the accident there was either naturally or as the result of some act of the employer or of custom a real relationship which brought the accident within the range of employment." (*Matter of Di Salvio* v. *Menihan Co.*, 225 N. Y. 123, 127.) The circumstances are not parallel to those in *Martin* v. *Metropolitan Life Ins. Co.* (197 App. Div. 382) or *Etherton* v. *Johnstown Knitting Mills Co.* (184 id. 820).

I recommend that the award be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.