Before STATE INDUSTRIAL BOARD, Respondent.

CHARLES HEATER, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

Third Department, November 13, 1924.

**Workmen's compensation — claimant was employed in machine shop of railroad — injury was suffered while he was working in railroad yards during time he was waiting for his tools to be repaired — accident happened 600 feet from place of work — claimant did not suffer injury arising out of and in course of employment.**

The claimant, who was employed in the machine shop of the defendant railroad, did not suffer an injury arising out of and in the course of his employment when a locomotive ran over one of his legs, since it appears that at the time of the accident his place of work was in the machine shop and that while he was waiting for some tools to be repaired he left the shop of his own accord and not in the performance of any work for the defendant but merely to serve his own purpose and pleasure and walked about the railroad yards visiting with different employees and while on this trip and at a distance of 600 feet from his place of work the accident happened.

APPEAL by the defendant, Erie Railroad Company, from an award of the State Industrial Board, made on the 21st day of September, 1923.

*Watts, Oakes & Bright* [*S. W. Eager, Jr.,* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

Claimant was employed in the machine shop of the Erie Railroad Company. An implement with which he was working was broken and had been taken the day before the accident to the tool room to be repaired. On the day of the accident claimant had been waiting for this implement from seven A. M., until nine A. M., when he went to the tool room to see if it was ready. It was not ready. He then started on a tour of the railroad yard. He went first to the electric light house and talked with an employee for a minute.

From there he went to the welding room and visited with another employee. From there he went to the water crane as a matter of curiosity to see how much work they would have for him to do. From there he " walked down around the water crane " to see another employee about taking him on a pleasure trip. The latter employee had gone to the roundhouse and as the claimant was walking along facing an approaching engine he slipped on the track and the engine passed over his leg necessitating its amputation below the knee. For this accident the award in question has been made. The place of the accident was 600 feet from the place of his work in the machine shop. This trip of the claimant was entirely to serve his own purpose and pleasure. A railroad property includes acres of yards and miles of tracks and this claimant when he met his misfortune was 600 feet distant from the place where his work required him to be and beyond the ambit of his employment. In *Matter of McInerney* v. *Buffalo & Susquehanna R. R. Corp.* (225 N. Y. 130) an employee injured while properly going to his dinner during the time for which he was being paid by the employer and still on the premises of the employer was denied compensation. The court said: " The fact that an employee is on the ' premises ' of his employer when those premises consist of a railroad right of way or yards does not have the significance which it naturally would have in the case of an ordinary manufacturing plant." More closely in point is the case of *Matter of Di Salvio* v. *Menihan Co.* (225 N. Y. 123), where the claimant merely crossed the room where he was working to say good-bye to a drafted man and while talking to him was injured. There was in that case a finding that at the time he walked across the room " he had finished the work that had been assigned to him and was awaiting the arrival of more work." It was held that the claimant was merely consummating a personal purpose entirely unrelated to the performance of his work and that he was not, therefore, entitled to an award. That case was stronger for the claimant than the present case because the limitations of both space and time while he was out of work were so very much more than in the present case. Within the authorities above cited and others to which it seems needless to refer, this award cannot be sustained.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.