Before STATE INDUSTRIAL BOARD, Respondent.

EUGENE PLOUFFE, Respondent, v. AMERICAN HARD RUBBER COMPANY and Another, Appellants.

Third Department, January 7, 1925.

**Workmen's compensation — fellow employee of claimant took claimant's pencil — claimant slapped his fellow-employee who then inflicted injury in question — claimant testified he slapped fellow-employee because he was insulted — claimant was aggressor — injury did not arise out of and in course of employment — no evidence of facial disfigurement.**

The claimant, who was struck on the right jaw by a fellow-employee with sufficient force to cause an injury which resulted in an abscess of the right cheek, did not suffer an injury arising out of and in the course of his employ-

ment, since it appears that the fellow-employee took claimant's pencil without permission; that claimant then slapped the fellow-employee who retaliated by striking the claimant in the jaw; that the claimant testified that his fellow-employee was fooling merely when he took the pencil and that he slapped him because he felt that he had been insulted; and that the claimant was the aggressor in the assault.

There is no evidence to sustain an award of serious facial disfigurement.

H. T. KELLOGG and HINMAN, JJ., dissent, with memorandum.

APPEAL by the defendants, American Hard Rubber Company and another, from an award of the State Industrial Board, made on 1st day of August, 1924.

*Charles O. Truex* [*Paul Koch* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

McCANN, J.:

Claimant was an employee of the American Hard Rubber Company. His work was to blacken cell jars. On the 3d day of July, 1922, while in the service of his employer claimant went to a workbench of a fellow-employee and without permission from the latter borrowed a hammer to fix his table. The testimony is conflicting as to whether the hammer was for the use of a coemployee named Dito or another named Wilhelm. After claimant had finished using the hammer, he replaced it on the bench from which it was taken. He then started to return to his own table to work when Dito reached over and removed a pencil from behind claimant's ear. The latter testified that Dito was " fooling " when he took the pencil; that he felt that he had been insulted because he thought " it wasn't very polite " and that he thereupon began slapping Dito in the face. He gave no reason for doing so except that he felt insulted. He also testified that there was no argument. After he began slapping Dito on the face, it appears by the testimony and also by the findings that Dito retaliated by striking claimant on the right jaw with sufficient force to cause injuries which resulted in an abscess of the right cheek. It is evident that the injuries were of a severe nature. An award has been made for disability and for serious facial disfigurement. Appellants claim that the injury did not arise out of or in the course of the employment and that there is no evidence to sustain an award for a serious facial disfigurement. The appellants are right as to both propositions. This is a case where the claimant was the aggressor. The pencil which he had was his own property. He only used it once a day at the close of business for recording the number of cell jars which he had blackened during the day.

He was not defending the property of his employer as in the case of *Matter of Heitz* v. *Ruppert* (218 N. Y. 148); the interest of the master was not involved in the assault. (*Stillwagon* v. *Callan Bros.*, 183 App. Div. 141; affd., 224 N. Y. 714.) Nothing which Dito did on that occasion justified the action of the claimant in slapping Dito on the face. It was not the case of an injury to a third party arising out of some controversy to which he was not a party. It was in no way an accident. The act of Dito was a natural retaliation to an assault made by the claimant, and the testimony of the claimant that Dito was fooling is inconsistent with the fact that claimant was insulted. None of the elements are present which are found in the many decisions sustaining awards in cases of assaults arising out of controversies between coemployees. Applying the language in *Stillwagon* v. *Callan Bros.* (*supra*), it is applicable in the case at bar, to wit: " He initiated the quarrel and he struck the first blow, and, in the natural course of events, he was injured himself. * * * Tried by this test, the claimants' case is not within the statute. Stillwagon was not doing the duty he was employed to perform when he left his work for the purpose of assaulting Vogt, nor was the injury a natural incident of the work which he was required to perform."

In *Griffin* v. *Roberson & Son* (176 App. Div. 6) it is stated: " Griffin was the aggressor. He became angry over a slight and unimportant incident which the Commission has characterized as ' an accident ' and in his anger committed a crime by assaulting his fellow-servant and thereby was himself injured." In the same opinion, referring to cases where recovery has been granted, the court said: " This is on the theory that the injured servant is protecting his master's property or promoting his master's interest, or that the assault on him was in some way incidental to the duty which he owed his master. But what duty to the master requires a servant to commit a crime? When Griffin lost his temper and assaulted Cartwright he was not promoting or enhancing in any legitimate sense the interest of his employer, but he stepped outside the scope of his employment to serve a personal mental condition."

In the case at bar a much stronger argument against the claimant is present because Plouffe testified that he was simply resenting an insult. In the *Griffin Case* (*supra*) it is also stated: " The injury was not a peril of the service nor reasonably incidental thereto. It arose wholly from a voluntary act of Griffin entirely unnecessary, and not in the protection or advancement of the master's interest nor connected therewith. It is nothing more or less than the gratification of his personal feeling of animosity.

\* \* \* There was no causal connection between the work and the injury which resulted from the independent and affirmative and unjustifiable act of Griffin."

The claimant also testified that although Dito was fooling, he, the claimant, was not. Other witnesses testified that the claimant was fooling and that it had been customary to indulge in such conduct many times previous to the controversy in question. Furthermore there was no claim by respondent that he slapped Dito in self defense. His testimony eliminates any claim of such a nature when he states that he was insulted and that it was not polite to take a pencil without asking. He was peculiarly sensitive to the violation of conventional courtesies; at the same time he was not so sensitive when he took a hammer without asking permission. His politeness did not reach the high standard which he had fixed for Dito's actions. The findings in this case are to the effect that the claimant slapped his fellow-employee, whereupon the fellow-employee retaliated by striking the claimant. There is no finding showing any justification for the action of the claimant. In fact the language of the finding indicates that the claimant was the aggressor.

All concur, except H. T. KELLOGG and HINMAN, JJ., dissenting on the authority of *Verschleiser* v. *Stern* (229 N. Y. 192).

Award reversed and claim dismissed, with costs against the State Industrial Board.