WALLACE GILLMORE, RESPONDENT, v. RING CONSTRUCTION CO. ET AL., APPELLANTS.—61 S. W. (2d) 764.

Kansas City Court of Appeals, May 22, 1933.

*Hook & Sprinkle, V. Lynn Chester* and *Norwin D. Houser* for appellant.

*D. V. Downs* for respondent.

SHAIN, P. J.—This is an action for compensation brought by Wallace Gillmore, respondent herein, for injury alleged as received from an accident arising out of and in the course of employment while in the employ of Ring Construction Company.

The compensation was denied in a hearing before Commissioner Shaw, of the Missouri Workmen's Compensation Commission, on May 17, 1932. A rehearing was had before the whole Commission on June 12, 1932, and again compensation was denied. The final award by the Commission being as follows:

"Submitted on Review: June 11, 1932.

"The above parties having submitted their disagreement or claim for compensation for the above accident to the undersigned members of the Missouri Workmen's Compensation Commission, and after

hearing the parties at issue, their representatives, witnesses and evidence, the undersigned hereby find in favor of the employer and insurer and against the above employee and award no compensation for the above accident.

"On review award dated June 8, 1932, is hereby affirmed. We find from the evidence that the cause of employee's injury was 'horseplay' on the part of him and a fellow employee. That prior to the time the injury occurred employee made certain statements which resulted in him later being injured. Therefore, it is our opinion that employee was the real cause of said 'horseplay,' and as the statements made had no relation whatever to the employment with the Ring Construction Company, it cannot be said that the accident arose out of his employment."

Appeal was taken by complainant to the Circuit Court of Jackson County, Missouri, and thereafter the following proceedings were had and entries made in the Circuit Court of Jackson County, Missouri, to-wit:

"On June 30, 1932, all the documents and papers on file with the Commission, together with the transcript of the evidence, the findings and award, were filed in the Circuit Court of Jackson County, Missouri. And on the 11th day of August, 1932, the said cause was assigned to Division 2 of the Circuit Court, whereupon the cause was submitted to the court on briefs.

"Thereafter, on the 83rd day of the regular May term, 1932, the Circuit Court of Jackson County, Missouri, at Kansas City, the same being the 18th day of August, 1932, the following proceedings were had and made of record before the Honorable Darius A. Brown, Judge of Division 2, in this cause:

" 'The award of the Workmen's Compensation Commission is reversed for the reason that there is not sufficient competent evidence in the record to warrant the making of the award and the cause is remanded for rehearing. This ruling is made upon the authority of Keithley v. Stone Webster Engineering Corporation, 49 S. W. (2d) 296, and Hager v. Pulitzer Pub. Co., 17 S. W. (2d) 578.

" 'Wherefore, it is ordered and adjudged by the court that all cost herein be taxed against the defendant, and that execution issue therefor.' "

The employer duly prosecuted appeal from the judgment of the Circuit Court of Jackson County, Missouri, and the matter is before us for review.

The facts, as disclosed by the record, are that complainant was employed by Ring Construction Company, appellant, to pour concrete on the job of construction of the new Post Office building in Kansas City, Missouri.

The work depending upon weather conditions it appears to have

been a custom for the men to report about seven-thirty (7:30) A. M. for work and if conditions were not right the men would often wait around the job at the request of the foreman, until it would be ascertained as to whether conditions changed for the better. It appears to have been a custom to have a fire around which the men would assemble for comfort while awaiting the outcome of weather conditions.

The evidence discloses that the claimant reported for work at seven-thirty (7:30) A. M. December 4, 1932. He was told that weather conditions were not then right. However, the foreman told the complainant to wait around to see if the weather would not get better. The testimony shows that complainant went to the usual place around the fire to wait. The evidence discloses that there were rocks of different sizes on the ground around the place where the fire was kept. It is also shown that the ground was wet and slick. It is shown that quite a number of the men on the work were also awaiting for weather conditions and were standing around the fire. The evidence further discloses that the men were discussing, in a somewhat jocular mood, concerning some of the men working on Saturday forenoon in violation of some Union rule and upon the complainant making some remarks one of the other men grabbed and shoved him and he slipped and fell, breaking his leg. It is inferable from the evidence that the conversation was concerning work on the construction in hand.

Just how the accident occurred is shown by the following uncontradicted evidence to-wit:

"A. I was standing there, and the district council had us before the executive board for working on Saturday till noon, five of us, and they were going before the executive board, and these fellows acted so green before the executive board, and we were standing around that fire and it come up someway and they asked me, said 'Gillmore, how about it, how did you all come out the other night before the executive board?' and I said 'just so,' I said 'Well, them two boys there, they acted greener than any two boys I saw in my life,' and they said 'How is that?' and I said 'Two of them got up and stated they worked on Saturday' and they tried to deny it and turned right around and acknowledged before the executive board they did the work and if I had been a judge I would have fined them both just so and had the trial on the last, and by that time Lee walked up and grabbed me and shoved me and that is the way we fell, on these rocks, that is absolutely.

"By Mr. Palmer: You are a member of the union, are you? A. Yes, sir, 264.

"Q. This discussion that you were having there came up about what happened there before the executive commission of the union?

A. Well, yes, before the executive. They wanted to know how we come out for working without calling into the hall on Friday night as to get a permit to work on a Saturday.

"Q. And then you grappled and you fell on the rock. A. I was just standing up laughing.

"BY MR. PALMER: That is all. A. That is the way it came about."

### RE-DIRECT EXAMINATION BY MR. DOWNS.

"Q. Just state to the commissioner whether it was wet and sloppy around there? A. Yes, sir.

"BY MR. PALMER: I object to that as incompetent, irrelevant and immaterial.

"BY MR. DOWNS: I think it is very material, Your Honor.

"BY COMMISSIONER SHAW: Objection overruled. Is that all.

"BY MR. DOWNS: Now just state to the commission, so as to make it clear, whether or not this man shoved you or grabbed you like this and shook you. A. He grabbed me and shook me, and both feet—I fell with my leg across one of the rocks, and it snapped like that. He walked up and grabbed me and shook me and it being slippery, I had on overshoes, you know it had rained hard, and I had on overshoes, and that is absolutely the way it was.

"BY MR. DOWNS: I think that is all.

"BY MR. PALMER: That is all."

This case presents a situation wherein there is no conflict in the evidence. To determine the issue there need be no especial finding of fact for the reason that the facts as stated in the evidence are as clearly stated as they could be stated in a finding.

When, as in this case, the facts are undisputed then it becomes the duty of a court upon review to give determination of the legal effect of the facts in evidence.

The claimant was an employee. He had reported for work and in conformity with the conditions under which the work was being done for his employer. He was doing what his foreman told him to do, that is, to wait on the job for development as to weather conditions. Complainant was obeying his master's orders. He was as much in his line of duty as he would have been if pouring cement. Complainant was waiting at what may be inferred to be the accustomed place, that is around the fire with other employees, on this December morning. Being around that fire and waiting was incident to his employment and while so situate an accident occurred within the meaning set out in Par. (b) of Section 3305 of the Workmen's Compensation Act.

Employers, whose work require that men wait upon the job for work conditions, ought not to be heard to say that an accident, oc-

curring out of the very conditions presented by the required waiting, is not compensatory. Men standing and waiting around an open fire on a damp December day naturally mill around and talk and even joke and indulge in what might be termed "horseplay."

Where the purpose of a law is to do away with the issue of negligence, accident, assumed risk, contributory negligence and the like, it follows that the law should be liberally construed.

We conclude, from the undisputed facts in evidence in this case, that as a matter of law it should be held that the accident wherein the complainant was injured arose out of and in the course of his employment. [Keithley v. Stone Webster Engineering Corporation, 49 S. W. (2d) 296, and Hager v. Pulitzer Pub. Co., 17 S. W. (2d) 578.]

We note that in the judgment and decree of the Circuit Court the reason assigned for conclusion is, "that there is not sufficient competent evidence in the record to warrant the making of the award."

While we agree with the trial court in reversing the ruling of the Commission and agree to the court's act in remanding for rehearing, still we conclude that the trial court gave the wrong reason for a right conclusion. As before stated, when the facts are undisputed the issue becomes one of law. We therefore conclude that this cause should be remanded to the Commission for the reason, that the facts found by the Commission do not support the award. We conclude that the undisputed facts entitle the claimant to compensation as a matter of law.

The judgment of the circuit court in reversing and remanding the case to the Workmen's Compensation Commission for a rehearing is affirmed. All concur.