**Glenn TAYLOR, Employee-Respondent,**

v.

**BI–STATE DEVELOPMENT AGENCY, Employer-Appellant,**

and

**Transit Casualty Co., Insurer-Appellant.**

No. 32605.

St. Louis Court of Appeals.

Missouri.

May 16, 1967.

Motion for Rehearing or for Transfer to Supreme Court Denied June 14, 1967.

Application to Transfer Denied Sept. 11, 1967.

John A. Walsh, Jr., Gerald D. Morris, St. Louis, for employer-appellant and insurer-appellant.

Garnet W. Taylor, St. Louis, for employee-respondent.

WOLFE, Judge.

This is an appeal from a judgment of the Circuit Court affirming an award of the Industrial Commission of Missouri. A Referee of the Division of Workmen's Compensation made an award to the claimant employee. The employer appealed to the Commission which affirmed the award of the Referee and made additional findings of fact. The employer then appealed to the Circuit Court where the award was affirmed, and this appeal followed.

At the outset of the hearing before the Referee it was established that the Bi-State Development Agency was under the Workmen's Compensation Law and that its liability under the law was fully insured by the Transit Casualty Company. It was also established that the claimant employee was employed by the Bi-State Development Agency at an average weekly wage that exceeded $100.00.

The claim, which was timely filed, alleged "The claimant had just finished his work as an operator of a bus, which was his occupation, and was in the recreation room provided for employees, at 3901 Park Ave. and was standing there watching the employees shoot pool. Another employee came up and shoved claimant, catching claimant off balance and he fell to the floor striking the lower part of his back against a radiator valve." He alleged that the accident caused injury to the lower back and spine.

There is but one point raised by the appellant and that is that the Circuit Court erred in affirming the award of the Commission because the evidence does not support the conclusion of the Commission that the injury arose out of and in the course of

claimant's employment. The following facts are the facts disclosed by the record as those facts relate to the point raised.

On February 11, 1964, the claimant worked as a bus operator. His work for the day ended at 11:19 A.M. At that time another operator took over the bus that claimant had been driving and claimant then went by bus from the relief point to the Park Avenue garage to turn in his receipts. At the garage on Park Avenue in the assembly room he turned in his day's receipts. This was concluded at 12:10 P.M.

Adjoining the assembly room there was a recreation room. This room had two pool tables in it, a television, a radio and candy, cigarette and soda vending machines. The employees had purchased one of the pool tables but the room was maintained by the Bi-State Transit Company and was under their control. It was used as a recreation room for operators waiting to go out on runs or for those who worked on split shifts who wished to spend their time between shifts there. The operators were allowed to use the room at any time up to 8:00 P.M. when the lights were turned off.

After the claimant had turned in his day's receipts his work was finished and he was free to go home. He went instead into the recreation room and played pool. No one asked him to remain there, he just wanted to play pool and relax. He was not subject to any further service that day. There were occasions when emergencies arose when regular operators were called upon. If there were men available in the recreation room they would call them there. He had worked as an operator for Bi-State and its predecessors since 1940 and had been called during that period of time to make emergency runs five or ten times. If called he was not obliged to take such call but he said that he would have done so. Normally the men on the extra board were the ones who were called and claimant did not know if there were any men on the extra board that day. The operator who caused claimant's injury testified that he thought they were all out of extra men at the time.

Claimant played one game of pool and was standing by the pool table when another operator gave him a playful nudge that caught him off balance. This caused him to fall and strike his back against the steam valve on a radiator with the resulting injuries for which he seeks compensation.

The Commission found upon the foregoing facts " * * * that the maintenance of the recreation room was an incident of the employment and that it resulted in a substantial benefit to both the employer and employee. * * *" They concluded for the reason stated that the employee should be compensated for the injury he received.

The scope of our review of the finding and award of the Commission is fixed by Article 5, § 22, 1945 Constitution of Missouri, V.A.M.S., which states that in passing upon the decisions and findings of administrative agencies " * * * such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record." The extent of appellate review of such cases has been stated and restated many times, but for those interested in re-reading it, we cite again Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647; Francis v. Sam Miller Motors, Mo., 282 S.W.2d 5; Davidson v. Scullin Steel Company, Mo.App., 408 S.W.2d 171.

The Commission rested its award primarily upon three cases which it considered applicable to the facts. They are Conklin v. Kansas City Public Service Co., 226 Mo.App. 309, 41 S.W.2d 608; Wamhoff v. Wagner Electric Corporation, 354 Mo. 711, 190 S.W.2d 915, 161 A.L.R. 1454; Gillmore v. Ring Const. Co., 227 Mo.App. 1217, 61 S.W.2d 764.

The case of Conklin v. Kansas City Public Service Co. involved an employee who was injured while watching a game of baseball. Such games were regularly played during the lunch period in a building on the employer's premises called the "paint shop." The employees of several departments each had a team and they were encouraged to play or to watch the game. The lunch period was from 12 to 12:30 and while an employee was free to leave for lunch many did not and it was a convenience for both the employer and the employee to have a place of exercise provided during their short wait to return to work. Upon this theory the Kansas City Court of Appeals held that the employee spectator injured by a thrown bat should be paid compensation. The case here considered differs in that the mishap which here caused the injury did not occur during a break in the work day, but after the work day was finished and claimant was enjoying a game of pool prior to going home.

Gillmore v. Ring Const. Co., 227 Mo.App. 1217, 61 S.W.2d 764, supra, concerns claimant who, with others, was standing around a fire on a construction job. The weather was bad and the workers had been told to wait to see if there would be sufficient change in the weather to permit them to work. While so waiting on the orders of the foreman the claimant suffered a broken leg by reason of "some horseplay" among those waiting. The court there quite properly held that the accident arose out of and in the course of claimant's employment. They had been told to wait. This differs materially from the case before us for the claimant here was not told to wait for any purpose.

The other case mentioned above was the case of Wamhoff v. Wagner Electric Corporation, 354 Mo. 711, 190 S.W.2d 915, 161 A.L.R. 1454. The injured claimant was engaged in the electroplating department of the employer. He was injured while buffing a small toy belonging to his daughter. He had plated the toy and the work was not for the employer. There was evidence that the employer encouraged the electroplaters to engage in work of their own, when they had no company work to do, in order to develop skills in plating different kinds of metal. It was held that the Commission could properly have found that the work, in which he was engaged at the time, had become an incident of the employment and was therefore a compensable injury. Applying that rule to the facts of this case would be difficult, for here there is no evidence that it was incidental to the plaintiff's employment, that he should wait around for an emergency call, for they were very rare. There is evidence that had such a call been made while he was there he would have volunteered to go out on it but by his own testimony he was not waiting for such a call but was engaged in some after work relaxation prior to going home for the day.

■ In addition to the cases we have above distinguished, the claimant cites us to Jones v. Bendix Corporation, Mo.App., 407 S.W.2d 650; Gregory v. Lewis Sales Company, Mo.App., 348 S.W.2d 743; and Lampkin v. Harzfeld's, Mo., 407 S.W.2d 894. These are also readily distinguishable from the case here considered. The accident for which recovery was sought in those cases occurred when each of the claimants was doing something incidental to the employment. As stated in Lampkin v. Harzfeld's, supra, the Missouri Supreme Court said at 1. c. 897: "[3–6] An injury arises 'out of' the employment when there is a causal connection between the conditions under which the work is to be performed and the resulting injury, and it arises 'in the course of' the employment when it occurs within the period of the employment at a place where the employee may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto."

We find no evidence to support the conclusion that the accident occurred during the course of claimant's employment. The evidence also fails to support any conclusion that he was engaged in a duty of his employment or an activity incidental to it.

For the reasons stated the judgment affirming the award of the Commission is reversed and the cause is remanded to the circuit court with directions to enter a judgment reversing the award of the Commission.

ANDERSON, P. J., and RUDDY, J., concur.