NELLIE STOLBERT (WIDOW), DEPENDENT OF DUDLEY E. STOLBERT, DECEASED, EMPLOYEE, RESPONDENT, v. WALKER-JAMAR COMPANY, EMPLOYER, AND LONDON GUARANTEE AND ACCIDENT COMPANY, INSURER, APPELLANTS.—84 S. W. (2d) 213.

St. Louis Court of Appeals.   Opinion filed July 2, 1935.

*Allen, Moser & Marsalek* for appellants.

*Bartley & Mayfield* for respondent.

BECKER, J.—This is an appeal from an order and judgment of the Circuit Court of the City of St. Louis affirming an order for a partial lump sum settlement made by the Missouri Workmen's Compensation Commission in favor of the respondent Nellie Stolbert, widow of Dudley E. Stolbert, deceased.

On January 31, 1934, Dudley E. Stolbert, while in the employ of Walker-Jamar Company, a corporation, one of the appellants herein, was instantly killed as the result of an accident occurring in the course of his said employment. On February 7, 1934, respondent, as the widow of the deceased employee, and others, filed a claim with the Workmen's Compensation Commission for compensation for the death of said Dudley E. Stolbert; all of said claimants claiming to be his dependents.

A hearing was had upon said claim before Hon. FRANK J. LAHEY, Referee of said Workmen's Compensation Commission, and on April 17, 1934, by agreement of all the parties, an award was made in favor of respondent, as such widow, whereby it was found that she was entitled to compensation at the rate of twenty dollars per week for a period of 520.15 weeks, or until her prior death or remarriage,

together with one hundred fifty dollars burial expenses; and that she was the only dependent. The Commission ordered, however, that out of the compensation so awarded an attorney's fee of $1196 should be paid by the employer and insurer, by the payment of the commuted value thereof, to-wit, $988.96, in a lump sum, and that respondent should be paid compensation at the rate of $17.70 per week, instead of $20 per week.

Said award became final and has been in all respects complied with by appellants, employer and insurer.

On June 21, 1934, respondent filed with the Workmen's Compensation Commission her "request for lump settlement," wherein she alleged that she was fifty years of age, and stated that she desired an additional lump sum to be paid her, representing the commuted value of $6 per week for the remainder of said compensation period, and stated the reasons for said request as follows:

"To pay off past-due deed of trust on home and interest due since November 24, 1933, $1,854.00: to pay off money borrowed on November 24, 1933; to pay back interest on home, $100.00; for absolute and necessary repairs on home, $450.00; to pay amounts still unpaid on funeral bill for Dudley E. Stolbert, $232.00; total $2,636.10."

Upon due notice, on July 10, 1934, a hearing was had before Hon. ORIN H. SHAW, a member of said Commission, it being understood and agreed by counsel for all parties, at the suggestion of said Commissioner, that said hearing would be had before him, but that upon the record, including a transcript of the testimony taken at said hearing, the matter would be passed upon by the full Commission.

The testimony adduced at said hearing consisted solely of that of respondent, Mrs. Stolbert. She testified that she was fifty years old, had not remarried, was not keeping company with any gentleman, and had no intention of marrying; that she had four children, all of them adult girls and married. She stated that she lived at 5250 Hodiamont Street, in St. Louis, where a daughter and the latter's husband lived with her, and was "buying" the property in which she lived; that she and her husband acquired the property during his lifetime at the price of $4500, and that at the time of his death there was a first mortgage on it securing a note of $1800, and that an interest payment of $54 was due, which is now in the form of a note secured by a second deed of trust; and that at the time of the hearing another interest payment of $54 was due. She said her husband left her no other property, but she had received $160 insurance on his life. She said the holder of the deed of trust had demanded payment; that the house needed repairs—a new roof, repair of porches and floors, and general repairs; that she considered the property worth $5000; that she had had repairs of $400 made on the property, which were not paid for, and she still owed $232 on her

husband's funeral bill, after having applied thereon the $150 that had been paid her by the employer and insurer; that if the Commission allowed her request for a lump sum settlement she intended to pay her bills, "pay those two notes and interest and the funeral bill;" that she would be able to get along on $11.70 a week, as her son-in-law paid her $10 a week for board, which she supposed was about what she spent for food. She said the taxes amounted to $47.50 a year. She testified that she had requested the holder of the deed of trust to renew it and he said he would renew it, but that the terms would be higher; that she would have to pay $25 a month, and $54 interest every six months, and that the commission for making the loan for three years would be $47. She said the only debts she owed was the loan on the property, $232 for funeral bill, and $450 for repairs on the house. She said the holder of the deed had not asked for payment, but had asked her to come in and do something about it, that he would like to have his money.

On cross-examination respondent testified that the only reason she wanted an order from the Commission commuting $6 per week to be paid to her in a lump sum was to pay off debts; that prior to her husband's decease she had been treated for high blood pressure for about a year, but that when she was examined "some time ago" she did not have high blood pressure. She further testified that she had no thoughts of remarrying. She testified that she owed $450 for repairs on the house, and had arranged with the man who made the repairs to pay the bill at the rate of $20 a month, the payments to begin the last of July; and she said, "I can't pay that $20 a month, that's why I'm here, that's what is the matter." And she said that the last payment made on the deed of trust was an interest payment in January, 1933; that during the seven years following the purchase of the property, $2700 had been paid off on it.

And on August 17, 1934, the Workmen's Compensation Commission found that said request for a partial lump sum settlement should be allowed, and ordered the sum of $2490 be paid respondent, as such widow, in a lump sum, the same representing the commuted value of $6 per week for 498 weeks; and that during said period the rate of compensation to be paid respondent should be reduced from $17.70 to $11.70 per week.

Appellants duly filed their notice of appeal from said "order for partial lump sum settlement" to the Circuit Court of the City of St. Louis. Upon a hearing of the appeal the Circuit Court entered its order and judgment approving and affirming said order for partial lump sum settlement. From said order and judgment of the Circuit Court appellants prosecute this appeal.

In our view the question on appeal before the Circuit Court, and now before this court, is a question of law, namely, whether upon

the undisputed facts in the case an order for a partial lump sum commutation is authorized by the Missouri Workmen's Compensation Act (sec. 3346), Revised Statutes of Missouri 1929 (Mo. Stat. Ann., sec. 3346, p. 8282). [De Moss v. Evens & Howard Fire Brick Co. (Mo. App.), 57 S. W. (2d) 720, 721; Hassell v. C. J. Reineke Lbr. Co. (Mo. App.), 54 S. W. (2d) 758, 760; Gilmore v. Ring Const. Co. (Mo. App.), 61 S. W. (2d) 764, 766.]

The pertinent portions of sec. 3366, Revised Statutes Missouri 1929 (Mo. Stat. Ann., sec. 3346, p. 8282), read as follows:

''Commission may commute compensation, when — how. — The compensation herein provided may be commuted by said Commission and redeemed by the payment in whole or in part, by the employer, of a lump sum which shall be fixed by the Commission, . . . upon application of either party, with due notice to the other, if it appears that such commutation will be for the best interest of the employee or the dependents of the deceased employee, or that it will avoid undue expense or undue hardship to either party. . . . In determining whether the commutation asked for will be for the best interest of the employee or the dependents of the deceased employee, or so that it will avoid undue expense or undue hardship to either party, the Commission will constantly bear in mind that it is the intention of this chapter that the compensation payments are in lieu of wages, and are to be received by the injured employee or his dependents, in the same manner in which wages are ordinarily paid. Therefore, commutation is a departure from the normal method of payment, and is to be allowed only when it clearly appears that some unusual circumstances warrant such departure.''

Appellants contend that plaintiff's request for a partial lump sum settlement arises solely upon the evidence that she has contracted debts, which, together with a past due deed of trust upon her home, she desires to pay off, and that these facts do not constitute such an unusual circumstance as will warrant a departure from the normal method of paying compensation and to afford any ground for a partial lump sum settlement under the said section 3346; and that a partial lump sum settlement for such purpose is contrary to the design and spirit of the act, the purpose of which is to secure to the employee or his dependents a certain definite income in lieu of wages, and which section 3321, Revised Statutes of Missouri 1929 (Mo. Stat. Ann., sec. 3321, p. 8260), undertakes to prevent from being put in jeopardy by claims of creditors by making weekly compensation nonassignable and exempt from execution, attachment or garnishment. Various cases from other jurisdictions, and one by this court, are cited in support of this contention.

An examination of the Missouri case cited, namely, Mikesh v.

Scruggs, Vandervoort & Barney D. G. Co. (Mo. App.), 46 S. W. (2d) 961, shows that in March, 1930, the widow of deceased employee had been awarded compensation in the sum of $12 per week for a period of 300 weeks, and that in the latter part of April, 1930, upon claimant's request for a lump sum settlement, the referee awarded a commuted sum payment, which award the full commission overruled, which refusing of claimant's request for commutation was upheld on appeal by the Circuit Court, and by this court. The facts relied on by claimant in support of her request in that case showed that she was the owner of a home, which, together with the lot on which it was built, cost in the neighborhood of $7000. Against this property there was a first deed of trust in the sum of $3000, and a second deed of trust for $2500, the loan thereby secured requiring installment payments of $45 per month. In addition there were unpaid taxes against the property approximating $300, and claimant owed a balance on the undertaker's bill of $346. Claimant was in good health and did not contemplate remarriage. She had $1300 in cash left out of insurance which she received upon her husband's death, and was receiving $40 per month from her daughter and her husband who were living with her in her home. Claimant wanted the lump sum payment for the purpose of paying off all her obligations and thereby enabling her to keep her homestead. Upon this state of facts this court held that no unusual circumstances were shown in the case as to warrant a lump sum settlement under sec. 3346, Revised Statute Missouri 1929 (Mo. Stat. Ann., sec. 3346, p. 8282); that:

"If the dependent were allowed a lump sum, it may well be argued that, if she spent this lump sum in the payment of these deeds of trust, or a part of them, she would then be left without any sufficient income upon which to live, and the very purpose of the Workmen's Compensation Act (Rev. Stat. of Mo. 1929, sec. 3299, et seq.), would be defeated. It is argued that this would enable her to preserve her homestead, and this would amount to an unusual circumstance authorizing the commutation, because, under the law, the homestead is always favored. This, however, in our opinion, is not sufficient, under the facts of this case, to justify a departure from the usual manner and method of paying compensation."

That case was well ruled in light of the facts, but the facts in the instant case are indeed different. Here the request is only for a partial lump sum settlement, amounting to approximately one-third of the claimant's compensation. This partial commutation, if awarded, will be sufficient to pay off all incumbrances and liens upon the homestead, thus giving the claimant her homestead free and clear, and yet reserving for her, compensation in the sum of

$11.70 per week for 498 weeks. Had the commutation requested in the Mikesh case been awarded and the total sum, together with all the money that claimant had left out of her husband's insurance, been used as a payment on the deeds of trust upon the homestead, it would not have been sufficient to have cleared the property, and besides would have left her without any further compensation due her. The circumstances here are entirely different. Payments upon the home had been made for six or seven years and the total payments were subject to loss by reason of the fact that the first deed of trust upon the property was, at the time of the request for partial commutation, past due, as was a small second deed of trust for unpaid interest on the first deed of trust, in addition to which some $450 was due for repairs, which had been made upon the home. These facts warrant the view that plaintiff was subject to lose her homestead unless she did obtain a partial commutation of her compensation. By a partial commutation of the equivalent of only one-third of claimant's total compensation, her homestead, worth twice the incumbrance on it, would be saved to her; she would own her own home in fee free from debt, and be relieved of the yearly interest charges and the renewal fees on the deeds of trust, and would still have for her support and maintenance the sum of $11.70 per week for 498 weeks.

In light of section 3346 of our statutes we are constrained to rule that the claimant has adduced sufficient competent evidence to clearly show unusual circumstances to support a finding that it will be for the best interest of the claimant and will avoid undue expense and hardship to her, to permit a departure from the normal method of payment of her compensation, and to give her the partial lump sum commutation awarded her by the Commission in the instant case. [Mikesh v. Scruggs, Vandervoort & Barney D. G. Co., *supra*; Schmetzle v. Ste. Genevieve Lime & Quarry Co. (Mo. App.), 37 S. W. (2d) 482.]

It follows that the judgment rendered by the Circuit Court should be affirmed. It is so ordered. *Hostetter, P. J.,* and *McCullen, J.,* concur.