KATHERINE ENGLAND (WIDOW OF DECEASED EMPLOYEE), RESPONDENT, v. MISSOURI GRAVEL COMPANY, INCORPORATED (EMPLOYER), AND UNITED STATES FIDELITY & GUARANTY COMPANY (INSURER), APPELLANTS.—129 S. W. (2d) 50.

St. Louis Court of Appeals. Opinion filed June 6, 1939.

*F. D. Wilkins* for respondent.

*Carter & Jones, William A. Dorsey* and *William H. Biggs* for appellants.

BECKER, J.—This is an appeal taken by the employer and insurer under the Missouri Workmen's Compensation Act from a judgment of the Circuit Court of Pike County, Missouri, affirming an award of a lump sum settlement by the Workmen's Compensation Commission in favor of respondent Katherine England, the widow of a deceased employee. The final award of the Workmen's Compensation Commission, entered on March 12, 1936, ordered that claimant was to receive from the appellants the sum of $14.03 per week for 300 weeks, or until her prior death or remarriage.

On August 7, 1937, claimant filed a request for a lump sum settlement, and a hearing having been had thereon, the commission found that a total lump sum settlement would be for the best interest of the claimant and ordered the balance of the compensation due her, amounting to $2418.21, paid to her in a lump sum.

The employer and the insurer filed their affidavits for appeal from the award of the lump sum settlement. The commission refused to grant an appeal or to forward the record to the circuit court, on the ground that an appeal did not lie from an order commuting compensation to a lump sum settlement. The employer and the insurer thereupon sued out a writ of *mandamus* in this court and upon a hearing of the matter the Workmen's Compensation Commission was ordered to grant said appeal. [State ex rel. Missouri Gravel Co. v. Missouri Workmen's Compensation Commission (Mo. App.), 113 S. W. (2d) 1034.] Upon appeal the Circuit Court of Pike County affirmed the award of the lump sum settlement, and the employer and the insurer in due course appeal.

Appellants here contend that since the award to the widow was for the sum of $14.03 per week for 300 weeks, or until her prior death or remarriage, there being no other dependents, "the award was both uncertain and contingent in its duration and amount," so that the Workmen's Compensation Commission had no authority to order that payment of a lump sum settlement to the dependent widow because to do so would be to deprive the employer of a valuable and substantial property right, and, therefore, the commission acted without and in excess of its powers in commuting the award to a lump sum settlement.

Appellants in effect contend that in commuting the future installments of compensation awarded the widow of the deceased employee, the commission rendered absolute the liability of the employer and the insurer, which, under the terms of the Act, was made conditional and contingent upon the continuance of the widow's life and widowhood and might therefore never have accrued as an actual liability on the part of the employer and the insurer. This point was raised in Wims v. Hercules Contracting Co. (Mo. App.), 123 S. W. (2d) 225, in which case the Workmen's Compensation Commission had ordered a lump sum payment of an attorney's fee under section 3321, Revised Statutes Missouri, 1929 (Mo. Stat. Ann., sec. 3321, p. 8260). We rule

the point against appellant, reaffirming what this court said pertinent to this question in the Wims case, *supra,* namely:

"There can be no denying the truth of such a possibility, and the only complete answer to the point is to say that to the extent that the act invests the commission with authority to commute awards of compensation, it not only does so without regard to whether the award is made to the employee himself, or, as in this case, to a dependent, but also fails to require the commission in making such commutation to take precautionary measures against any of the contingencies (such as change for the better in the employee's own condition, or the death or remarriage of the widow) which might serve to affect the liability of the employer and insurer for the payment of future installments of compensation.

"Indeed most awards of compensation are in a sense conditional so long as any part of them remains to be paid in future installments, though subject nevertheless to be made absolute by the commission, in whole or in part, through commutation to a present lump sum value, if the case presents such unusual circumstances as to warrant a departure from the normal method of payment. [Stolbert v. Walker-Jamor Co., 231 Mo. App. 1020, 84 S. W. (2d) 213; State ex rel. Missouri Gravel Co. v. Missouri Workmen's Compensation Commission (Mo. App.), 113 S. W. (2d) 1034, 1038.] Weighing all sides of the matter, there might or might not be merit to a requirement that in the event of commutation of future payments of compensation, due consideration should be had for the contingent nature of the liability and appropriate measures taken for the protection of the rights of the employer and insurer. However, if fault is to be found with our present act in that regard, the complaint should be addressed to the Legislature and not the courts, and until such time as the power of the commission with respect to the commutation of awards may be otherwise limited than as presently stated in the act, the courts have no recourse but to give effect to the act as it is written."

Appellants make the further assignment of error that the commission was not warranted under the evidence in awarding the widow a commutation of her award to a total lump sum settlement; that the facts which the undisputed evidence show do not constitute such unusual circumstances as will warrant a departure from the normal method of paying compensation, nor afford any ground for a total lump sum settlement under section 3346, Revised Statutes Missouri, 1929 (Mo. Stat. Ann., sec. 3346, p. 8282). In support of this contention appellants cite the case of Mikesch v. Scruggs, Vandervoort & Barney Dry Goods Co. (Mo. App.), 46 S. W. (2d) 961, in which case this court held that the facts therein did not warrant the Workmen's Compensation Commission to commute the award to a total lump sum settlement, it being the contention of the appellants that the facts in the instant case

"are certainly no stronger than those" proven by claimant in that case.

The facts in the Mikesch case are clearly distinguishable from those in the record before us. In the Mikesch case the full commission overruled an award of total lump sum payment and ordered that no commutation of payment be made in the case for the reason that commutation was not for the best interest of the dependent of the deceased employee. This view was sustained on review by the circuit court and this court. In the Mikesch case the net total lump sum award would have amounted to $2657, and the claimant had in addition thereto approximately $1300, which she had collected from insurance, so that the total amount available for her use, had her motion for commutation of her award been allowed, would have been $3647. There the claimant who was fifty-seven years old, assigned as the reason for wanting the commutation was for the purpose of "paying off her bills and enabling her to keep her homestead." Her homestead was subject to a first deed of trust of $3000, and a second deed of trust of $2500, and back taxes thereon aggregated $287, and she owed a balance of $346 to an undertaker who had buried the deceased, so that her total indebtedness amounted to $6133. Therefore, in that case, had the total sum which the claimant would have had on hand after receiving a lump sum settlement, namely, $3657, been utilized in the manner suggested by her in her application, she would have stripped herself of all moneys and still have had her homestead subject to a deed of trust of $2476, with no further compensation payments coming to her.

Upon appeal whether upon undisputed facts an order for a lump sum commutation is authorized by the Missouri Workmen's Compensation Act (sec. 3346 *supra*), is a question of law. [Stolbert v. Walker-Jamor Co., 231 Mo. App. 1020, 84 S. W. (2d) 213; De Moss v. Evans & Howard Fire Brick Co., 225 Mo. App. 473, 57 S. W. (2d) 720; Hassell v. C. J. Reineke Lbr. Co. (Mo. App.), 54 S. W. (2d) 758; Gillmore v. Ring Construction Co., 227 Mo. App. 1217, 61 S. W. (2d) 764.] This court properly ruled in effect that the evidence in the Mikesch case supported the finding of the commission that claimant had failed to prove unusual circumstances sufficient to authorize commutation of her award to a lump sum settlement.

The undisputed facts in the instant case, in contrast to those in the Mikesch case, show that the widow is forty-two years old; that at the time of the death of her husband they owned, as an estate by entirety, a farm in Pike county, subject to a large deed of trust. Claimant exchanged the farm property for two small pieces of residence property in the city of Louisiana, Missouri. Claimant lived in one of these properties which, at the time she asked for commutation of her award, was subject to a deed of trust of $412.80. On the other piece of property, which she rented at ten dollars per month, there was a deed

of trust for $700. In addition she owed taxes for $58.87; a hospital bill of $72.85; a physician's bill of $55, so that her aggregate total indebtedness amounted to $1299.52. The net amount which claimant would receive, were her award commuted to a total lump sum payment, would amount to $1449.66, which would leave her approximately $150 in cash on hand after she had cleared both pieces of her property and paid her various bills, including taxes. The undisputed testimony shows that the claimant requires additional surgical and medical treatment, which two physicians testified would restore her to good health, but which surgical and medical treatment the dependent widow could not obtain for lack of money unless her award was commuted.

It is our view, and we so hold, the undisputed facts in the case fully warrant the Workmen's Compensation Commission in commuting plaintiff's award to a total lump sum payment. Claimant's condition of health necessitates an operation and medical treatment which will restore her to good health, and the amount which she would receive under commutation will enable her not only to have the necessary surgical and medical attention, but will also enable her to pay off the deed of trust upon the home in which she lives, and to clear the indebtedness of the second piece of property, out of which she receives ten dollars per month rent, giving her both pieces of property clear, and pay off all other indebtedness. It certainly is to the best interest of claimant that she be restored to good health, for claimant is but forty-two years of age and would then be the better able to aid herself by getting some employment. Commutation would assure her having a home free of debt and additional property also clear, which brings in a small revenue, or it can be sold if it becomes necessary to obtain additional funds.

In light of section 3346 of our statutes, we are constrained to rule that the claimant has adduced sufficient competent evidence clearly to show unusual circumstances to support a finding that it will be for the best interest of the claimant and will avoid undue expense and hardship to her, to permit a departure from the normal method of payment of her compensation and to give her the total lump sum commutation awarded her by the commission in the instant case. [Stolbert v. Walker-Janor Co., *supra*; Schmelzle v. Ste. Genevieve Lime & Quarry Co. (Mo. App.), 37 S. W. (2d) 482.]

It follows that the judgment of the circuit court affirming the commutation of the award by the commission should in turn be affirmed by this court. It is so ordered. *Hostetter, P. J.,* and *McCullen, J.,* concur.