**AMERICAN OIL COMPANY, Employer-Respondent,**

v.

*Edna D. PIERCE, Claimant-Appellant.*

No. 25709.

Kansas City Court of Appeals,
Missouri.

Oct. 18, 1971.

Downs & Pierce, St. Joseph, for employer-respondent.

Robert A. Bailey, Jackson & Sherman, Kansas City, for claimant-appellant.

SHANGLER, Presiding Judge.

This is an appeal by Edna D. Pierce, widow and sole dependent of George F. Pierce, from the judgment of the Circuit Court of De Kalb County setting aside and reversing the order of the Industrial Commission approving her request for a lump sum settlement as authorized by Sec. 287.-530, V.A.M.S.

George F. Pierce met his death as the result of accident on May 3, 1969, at a fertilizer plant during the course of his employment with American Oil Company. On March 4, 1970, the Division of Workmen's Compensation, after hearing on appellant's claim, awarded her 350 weeks of compensation at the rate of $38.976 per week, a total of $13,641.60 and an allowance of $800.00 for funeral expense, for a total award of $14,441.60. The Employer and Self-Insurer did not seek review of this award so that it has since become final. Sec. 287.480, V.A.M.S. Within a month of its rendition, Edna D. Pierce filed her Request for Lump Sum Settlement, stating as her reasons: "Dependent is elderly and in poor health, and sole dependent of decedent. The amount of the weekly compensation award is small, and is not sufficient to maintain dependent who lives alone".

At the direction of the Industrial Commission, Referee Ferd J. Frankenhoff conducted a hearing on claimant's Request and then submitted the transcript and exhibits to the Industrial Commission for decision.

After consideration of the record evidence, on August 31, 1970, the Industrial Commission entered its Order Approving Request for Lump Sum Settlement which found:

"(T)hat due to the widow's health and her financial condition, it would be to her best interest to grant the request. Therefore, the Commission hereby approves the request."

and accordingly ordered:

"(1) That the employer and insurer shall forthwith pay the widow all past due compensation under the award of March 4, 1970, with interest, as provided therein; and further the employer and insurer shall commute the balance of the award and pay it to the widow in a lump sum as provided by Section 287.530, RSMo 1969 [V.A.M.S.]."

Appellant asks us to reinstate this award of the Industrial Commission on the ground that, contrary to the determination and judgment of the Circuit Court in setting aside the award, there was competent and substantial evidence upon the whole record to support it. Appellant also asks us to modify the award to provide that the compensation payable thereunder is subject to interest from the date of her husband's death.

Although appellant's claim for compensation was determined in her favor on March 4, 1970 and thereafter became final, she has steadfastly refused to accept the tenders of payment of benefits made by the respondent employer-self-insurer because none of them has included a sum for interest from May 4, 1969—the day after her husband's death and the time from which the benefits were determined to accrue—until March 4, 1970, although it has included interest up to the date of the proffert,

presumably because she is wary that acceptance would constitute waiver of her claim to interest for the disputed period. Whatever the justification for her apprehension, appellant does not suggest how the question of interest inheres in the award for lump sum settlement which we review or is otherwise before us on this appeal.

The question presented to the Industrial Commission for decision by appellant's Request for Lump Sum Settlement was whether under Sec. 287.530, V.A.M.S., the evidence authorized the commutation of "the future installments which may be due" her. The installments of compensation benefits already accrued are not affected by a proceeding under this statutory section. The question of appellant's right to interest on the compensation installments made payable retroactively to May 4, 1969 by the referee's award of March 4, 1970, was neither before the Industrial Commission on appellant's Request nor decided by it. That portion of the Order of the Industrial Commission directing "the employer and insurer shall forthwith pay the widow all past due compensation under the award of March 4, 1970, with interest, as provided therein", therefore, is merely a general recital of the obligation under the prior award and not an adjudication of a pending issue.

The award of the Industrial Commission for lump sum settlement in favor of appellant was made on her undisputed testimony. That evidence shows that Edna D. Pierce, then 74 years of age, lives alone in her five-room house in Union Star, Missouri. Both the home and an unimproved 40 acre tract which she also owns are free and clear of any incumbrance. Appellant is not otherwise indebted. The value of the house or the tract was not shown. The tract is farmed by her grandson on shares, but it is a marginal operation from which she derives no income. Her bank account contains $1000.00 which she had received as beneficiary of her husband's life insurance policy. She also received $800.00 as reimbursement for funeral expenses under the referee's award which she has applied to the discharge of that obligation. Her only income is a Social Security benefit of $98.30 per month and, although she has refused to accept it, the compensation award of $38.98 per week is also available to her. If these benefits are computed on an annual basis, appellant has $267.21 available to her each month.

Appellant has become infirm. She suffers from high blood pressure, a worsening arthritic left hip, an unspecified heart condition and a severe hardness of hearing. For these reasons, appellant believes she can no longer live alone. She estimated that the cost of engaging a woman to live with her would be from $125.00 to $150.00 per month and the cost of her board. Apart from these anticipated expenses, her normal expenditures, including food, fuel, utilities, taxes and insurance, but excluding clothing and miscellaneous items, do not exceed $145.00 per month. Although in the past she has taken medication for her arthritic condition, she has not done so "for some time" nor has she had medical attention for any of her ailments for the past one and one-half years. She has subscribed to Medicare and its benefits are available to her. Her children are grown and no one depends upon her for support. At the hearing appellant could not say "how much money in lump sum cash" she then needed, but acknowledged that her only "immediate need for money would be so that (she) could have a lady come in and live with (her)".

Our review on appeal from an award of the Industrial Commission is limited to questions of law. Sec. 287.490, V.A.M.S. We determine whether the award of the Industrial Commission is authorized by law and whether it is supported by competent and substantial evidence upon the whole record. Art. V, Sec. 22, Mo.Const. 1945, V.A.M.S.; Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647, 649 [1–5]. We are authorized to set aside

such an award only when it is clearly contrary to the overwhelming weight of the evidence. Brown v. Missouri Lumber Transports, Inc., Mo., 456 S.W.2d 306, 307. The award which we review is based on the general finding "that due to the widow's health and her financial condition, it would be to her best interests to grant the request". This finding falls short of the "unequivocal affirmative finding as to what the facts are" contemplated by Secs. 287.460 and 287.480, V.A.M.S. Michler v. Krey Packing Co., 363 Mo. 707, 253 S.W. 2d 136, 142 [8]. An informed judicial review requires that the actual grounds of decision of the Industrial Commission be shown. Enriquez v. Chemical Sealing Corporation, Mo., 409 S.W.2d 686, 690 [3-5]. In this case, for instance, although the testimony of appellant—which was the only evidence before the Commission—was given without inconsistency or contradiction, the testimony does permit of disparate inferences as to appellant's "health and * * * financial condition". Specific findings as to what the appellant's health and financial condition were found to be would have revealed whether the Industrial Commission applied the proper rule of law in allowing the total commutation as "in the best interests of the dependent" appellant under Sec. 287.530. Since it does not appear that any request was made for more specific findings, however, the failure to find these facts more specifically will not defeat the general award which is deemed to imply those findings of fact necessary to support it. Miller v. Sleight & Bellmuth Ink Co., Mo., 436 S.W.2d 625, 627 [2-4].

A more serious deficiency appears in the award proper. It results from the failure of the Industrial Commission, after having found appellant entitled to a lump sum settlement, to make that commutation and express it in terms of a sum of money as required by statute. The award approving the lump sum settlement merely orders that "the employer and insurer shall commute the balance of the award and pay it to the widow in a lump sum as provided by Section 287.530, RSMo 1969 [V.A.M.S.]".

That statutory section, however, not only describes the manner in which the commutation shall be made, but also requires that the Commission make it and express it in terms of a money award. "The compensation provided in this chapter may be commuted by the division or the commission and redeemed by the payment in whole or in part, by the employer, of *a lump sum which shall be fixed by the division or the commission* * * *" Sec. 287.530, as amended, V.A.M.S. (emphasis supplied). The Commission was without authority to delegate that statutory duty. Moreover, in hearing and determining facts, including the computation of a lump sum award, the Commission performs a judicial function. Liechty v. Kansas City Bridge Co., Mo., 162 S.W.2d 275, 279 [2, 3]. It violates the fundamental principle of a fair hearing requiring indifference as between the parties for a tribunal to delegate an adjudicatory function to one of them.

Another consequence of the unlawful order becomes evident. A commutation award must speak the final action of the Commission on the controversy presented in such a manner as is appealable and reviewable. Sec. 287.490, V.A.M.S. The delegation of the commutation function to a party (or anyone else) not only invites further controversy but prolongs the existing controversy, and thus defers final decision as to render the award non-appealable. State ex rel. Faris v. Eversole, Mo., (banc), 322 S.W.2d 879, 881 [2]; Art. V, Sec. 22, Mo.Const.1945.

The award of the Commission is not in the form required by statute and so, in the strictest sense, the controversy is not ripe for review. However, since upon a review upon the whole record the decision of the Commission allowing commutation may not stand, and since, from the transcript and briefs before us, it appears that all the issues between all the parties have been fully litigated and that the Commission has actually adjudicated the ultimate question of appellant's right to a lump sum settlement, it would not serve the ends of justice to refuse review merely because the Commis-

sion has not fixed the lump sum. The alternative, a remand to the Commission for purposes of expressing its award in appealable form and another remand following full review, would result in unconscionable delay and would violate the spirit of Sec. 287.490(2) which accords such cases preference in order of disposition.

 Whether the decision of the Commission that the balance of the award of March 4, 1970, shall be commuted and paid appellant in a lump sum is supported by competent and substantial evidence upon the whole record is a question of law to be determined according to the purpose of Sec. 287.530, as amended V.A.M.S. within the larger purpose of the Workmen's Compensation Act. Subsection (1) of the section specifies four separate grounds, any one of which, if shown to exist, authorizes the Commission to order commutation. Hanley v. Carlo Motor Service Co., Mo. App., 130 S.W.2d 187, 191 [7, 8]. A ground invoked by appellant, and upon which the Commission acted, was that the commutation would be "for the best interests of the dependent(s) of the deceased employee". In determining whether the commutation asked for will be for the best interest of the dependent, Sec. 287.530(2), as amended, V.A.M.S., requires that:

"(T)he division or the commission will constantly bear in mind that *it is the intention of this chapter that the compensation payments are in lieu of wages and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid.* Therefore, *commutation* is a departure from the normal method of payment and *is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure."* (Emphasis supplied)

The purpose of the Workmen's Compensation Act and its component sections has also been said to be "to ameliorate, in the interest of the workman and the public welfare, the losses sustained by himself and his dependents from accidental injuries received by him in the proper course of his work" [1] "for the full time and to the full extent he is actually disabled" [2] by providing periodic income benefits for needed ongoing support and placing these benefits beyond the reach of creditors. [3] This purpose is "based largely on a social theory of providing support and preventing destitution". [4] In passing on whether a commutation is proper, our courts have given effect to this legislative purpose which requires consideration not only of the claimant's best interest but that of the public which, ultimately, must bear the burden of relieving the claimant's hardship when the lump sum has been used and no periodic payments remain to him.

Furthermore, neither a finding of "best interest" nor an award of commutation is authorized under Sec. 287.530(2), V.A.M.S., unless "it clearly appears that some unusual circumstances warrant * * * a departure" from the usual method of paying compensation.

We find only six Missouri decisions which have reviewed the propriety of allowance or denial of commutation awards. Of these, only one, Hanley v. Carlo Motor Service Co., supra, (where commutation was allowed because the employee was "about to remove from the United States", another of the four statutory grounds) did not involve a claim of "best interest" or "un-

1. Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909, 912 [2–6]; R. Robert Cohn, History of Workmen's Compensation Law, Volume 15, V.A.M.S., pp. 17, 25. See, also, 99 C.J.S., Workmen's Compensation, Sec. 5.

2. State ex rel. Sei v. Haid, 332 Mo. 1061, 61 S.W.2d 950, 954 [4, 5].

3. Secs. 287.530, 287.160(2), 287.260, V.A.M.S.; Clark v. Midwest Bakeries & Macaroni Mfg. Co., 204 Mo.App. 18, 201 S.W.2d 423, 426 [3].

4. 1 Larson, Workmen's Compensation Law, Sec. 1.20, p. 2.

due hardship"[5] (the other statutory ground seemingly asserted by appellant). Of the remaining five decisions, commutation, in whole or in part, was approved in each except for Mikesch v. Scruggs, Vandervoort & Barney Dry Goods Co., Mo.App., 46 S. W.2d 961 (1932), where the finding of the Commission that the commutation was not in the best interest of the dependent was affirmed by the St. Louis Court of Appeals. In that case, the widow complained that the normal $12.00 weekly compensation benefit was not sufficient to meet the interest on the $3000 first deed of trust encumbering her homestead, nor the $45 monthly payment due on the $2500 second deed of trust, nor the payment of $633 also owing for taxes and burial of her husband, but that the allowance of the commutation sought, amounting to $2657, would permit her to pay off one deed of trust and a $40 monthly rental she was receiving would enable her to liquidate the other encumbrance and thus save her homestead. In rejecting this suggestion, the court concluded that the preservation of the widow's homestead did not amount to "an unusual circumstance authorizing the commutation. (1.c. 963) The stringency of that early holding has been tempered by two later decisions of that court, Stolbert v. Walker-Jamar Co., 231 Mo.App. 1020, 84 S.W.2d 213 (1935) and England v. Missouri Gravel Co., 235 Mo.App. 190, 129 S.W.2d 50 (1939) which authorized commutations for the payment of homestead and other indebtedness and medical care as in the best interest of the widow under circumstances hardly more unusual or compelling than those shown in *Mikesch*.

Partial commutation as in the best interest of the dependent has been approved in two cases, Stolbert v. Walker-Jamar Co.,

supra, and Mitchell v. Knutson, 234 Mo. App. 832, 137 S.W.2d 648 (1940). In *Stolbert*, the widow was awarded on her claim for compensation, after payment of attorney's fee, $17.70 per week for 520.15 weeks. She then made request for partial commutation amounting to $2636.10 to pay off a past deed of trust on her homestead and other obligations. The Commission allowed partial commutation in the sum of $2490, which represented the commuted value of $6 per week for 498 weeks, and accordingly ordered that during that period the rate of compensation payment to the widow should be reduced from $17.70 to $11.70 per week. In affirming the judgment of the circuit court sustaining the award of the Commission, the St. Louis Court of Appeals observed, significantly (1.c. 216): "By a partial commutation of the equivalent of only one-third of claimant's total compensation, her homestead * * * would be saved to her * * * and would still have for her support and maintenance the sum of $11.70 per week".

In Mitchell v. Knutson, supra, the employee was found to be permanently and totally disabled and was awarded $16.03 per week for 300 weeks and thereafter $6 per week for life subject to a sum already paid and for an attorney's fee, which reduced the compensation payable to $12.03 per week for 144 weeks. At the time the employee made request for a $3000 partial lump sum settlement, on the basis of his life expectancy, there was $6500 due under the award. The employee sought commutation because, although the current $12.03 payment was barely sufficient for his needs, he was destined to become a public charge when the benefit was reduced to $6 per week according to the terms of the award. The partial commutation sought

---

5. Although each of the reported decisions we discuss, *infra*, where commutation was approved was determined to have been "for the best interest" of the claimant and, therefore, authorized on that statutory ground, the "unusual circumstances" also required to be found have, in each case, consisted of a present financial need which, if unrelieved, would result in un-

due hardship. Since any request under Sec. 287.530, V.A.M.S., is inevitably for a sum of money and the "hardship" relates to one that can be relieved by making available additional money, "for the best interest" and "undue hardship", although distinct statutory grounds for commutation often coincide in the proof.

would enable him to purchase premises (to be used also as living quarters for his family) and equipment for the manufacture of an insecticide from a formula to which he owned the copyright and thereby support himself and his family. The court found these were "unusual circumstances" (l.c. 652) authorizing the partial commutation within the statutory purpose.

In Schmelzle v. Ste. Genevieve Lime & Quarry Co., Mo.App., 37 S.W.2d 482 (1931) and England v. Missouri Gravel Co., supra, the court approved total commutation of compensation awards. In *Schmelzle,* however, the circumstances giving rise to the commutation are not evident, the propriety of that award seems not to have been properly before the court on appeal, and the court's conclusion that the dependents "best interest would be served by ordering the payment due them to be commuted in a lump sum" (l.c. 486 [6, 7]) is only dictum.

Appellant suggests that England v. Missouri Gravel Co., supra, where a total commutation was upheld, is that case most analogous to her own. In *England,* the forty-two year old widow had been awarded compensation of $14.03 per week for 300 weeks. She then sought total commutation of that award, amounting to $1449.-66, to pay the indebtedness and taxes on her residence property as well as medical and hospital bills, totalling $1299.52, which would leave her $150 cash on hand. It was also shown by undisputed testimony that she required additional surgical and medical treatment. In sustaining the lump sum award, the court observed that the commutation would assure the widow a home free of debt and that "(i)t certainly is to the best interest of the claimant that she be restored to good health, for claimant is but forty-two years of age and would then be the better able to aid herself by getting some employment".

The analogy appellant suggests is not apparent. In comparison, this appellant was 74 years of age at the time of the hearing on her Request for Lump Sum Settlement, she did not seek commutation in any specific amount, nor as a means of becoming employable or otherwise achieving economic self-sufficiency. In *England,* as in each of the other cases where commutation has been allowed, the award was in that amount the evidence established as necessary to alleviate the specific hardship shown. In this case, according to our imperfect calculations, the compensation which had not yet accrued was in excess of $11,000 and all of it, as commuted, was awarded appellant. Yet, the only hardship of which appellant complained was her inability to care for herself because of her age and infirmities and the only financial need which she sought relieved was the cost of the services of a female companion who would live with her and care for her. Although appellant testified that the cost of such a service would be from $125 to $150 per month and the cost of her board (an additional $20 per week, or $86 per month, if measured by appellant's own expenditure for food), there was neither proof nor finding of the anticipated duration of this need. Since it was not disputed that appellant had, and we must assume continues to have, $267.21 per month available to her and that her normal monthly expenses do not exceed $145, her present need would be fully met by making an additional $115 per month available to her. Also, although there was competent and substantial evidence upon which the Commission could reasonably have found that the appellant was suffering from the numerous maladies she described, there was none that she was either being treated for then or that she required treatment she could not afford. And since Workmen's Compensation benefits are not reparations, but insurance, it is neither within the intendment of the Act, nor is it in the public interest, to allow commutation because it appears, due to illness or age, an employee or dependent may not live out the award.

We have reviewed this case upon the whole record and, having accorded the evi-

dence every legitimate inference favorable to the findings and award of the Commission, we conclude that they are clearly contrary to the overwhelming weight of the evidence. The Commission could not have reasonably found that the award of total commutation, which at once allowed a sum far exceeding appellant's demonstrated need and also foreclosed to her any claim for future support, was in appellant's best interest. We have also considered the cognate determination implicit in the Commission's award—that appellant's advanced age, her illness and the home care she needed but could not afford were such unusual circumstances within the purpose of the statute as to support an award for partial commutation as in the best interest of appellant—and conclude that the Commission could reasonably have made such a finding. Since we have no authority to make an initial finding on a disputed issue of fact, Wigham v. Ben Franklin Division of City Products Corp., Mo.App., 459 S.

W.2d 32, 40 [5], we remand this cause to the Industrial Commission for its determination of a lump sum commutation, in a manner consistent with the principles of law we have expressed, and in that amount adequate for appellant's existing needs. In this determination, it would be well within the power and discretion of the Commission to receive additional evidence to establish any change in appellant's circumstances which may have intervened since the award of August 31, 1970, which may bear on the allowance properly to be made.

The judgment of the circuit court is affirmed. This cause is remanded to the Circuit Court with directions to remand to the Industrial Commission for further proceedings consistent with the views we have expressed.

All concur.